**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00144-CV**

_____

**IN RE MICHAEL SCOTT NEIL**

**Original Proceeding**

**MEMORANDUM OPINION**

Michael Scott Neil petitions to compel the acceptance of his application for a place on the ballot in the May 2013 election of the Trustees of the Beaumont Independent School District (BISD). *See* Tex. Elec. Code Ann. § 273.061 (West 2010). We hold that under the circumstances of this case, the governing statute requires all trustee positions be filled in the election and that respondent has a mandatory duty imposed by law to accept the applications for the positions that were timely presented. *In re Rodriguez*, No. 09-13-00115-CV, 2013 WL 1189005, at *6 (Tex. App.—Beaumont Mar. 18, 2013, orig. proceeding); *see also* Tex. Educ. Code Ann. § 11.052 (West 2012). *Rodriguez* concerned applications submitted by

1

different candidates for the same election as the one at issue here, and our reasoning and application of the law in that case is the same here. *See Rodriguez,* 2013 WL 1189005, at *1-6.

In this mandamus proceeding, BISD asserts its October 18, 2012 amendment to its local policy was contingent on the 5-2 plan being approved by the Department of Justice. The Board's amendment was necessarily contingent, but as we stated in *Rodriguez*, "[r]egardless, the Board has not expressly provided for the trustees in office to serve for the remainder of their terms in accordance with section 11.053 of the Education Code." *Id.* at *5; *see also* Tex. Educ. Code Ann. § 11.053 (West 2012). The local policy BISD relies on "does not expressly address the effect of the redistricting." *See Rodriguez,* 2013 WL 1189005, at *5.

We hold that the election scheduled for May 11, 2013, is to be conducted using the redistricting map adopted February 21, 2013. *Id.* We presume BISD will comply with federal preclearance requirements and seek expedited review if it has not already done so. We grant the writ, and order BISD to accept Neil's application and to place his name on the ballot, or to otherwise certify his election as an unopposed candidate to the extent authorized by the Election Code and the Education Code. *Id.* Under Rule 2 of the Texas Rules of Appellate Procedure, in

2

order to expedite a final decision in this matter in view of the upcoming election,

no motion for rehearing will be permitted. *See* Tex. R. App. P. 2.

     PETITION GRANTED.

                    PER CURIAM

Opinion Delivered March 28, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.